UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTAGE OAKS SENIOR APARTMENTS, LP,<br><br>Plaintiff,<br><br>v.<br><br>Max Ciardelli, et. al.,<br><br>Defendant. | No.  2:16-cv-02878-KJM-KJN<br><br><br>ORDER |

    The issue in this case is unlawful detainer, with an amount in controversy of less than $4,000.  *See* ECF No. 1 at 11.  Defendant Max Ciardelli filed a motion to proceed in forma pauperis (IFP).  ECF No. 2.

    When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a).  There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A federal district court may remand a case *sua sponte* where a defendant has not established federal jurisdiction.  *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).  "If at any time

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, the court finds the case should be remanded to the Sacramento County Superior Court. The amount in controversy is less than $75,000, and the main issue turns on state law. Removal is improper because this court does not have subject matter jurisdiction under 28 U.S.C. § 1331 or § 1332.

This case is remanded to Sacramento County Superior Court. Defendant's IFP motion is DENIED as MOOT.

This resolves ECF Nos. 1 and 2.

IT IS SO ORDERED.

DATED: December 8, 2016.

_____
UNITED STATES DISTRICT JUDGE